IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-23275

GREENTOUCH USA, INC.,

    Plaintiff,

v.

TWIN-STAR INTERNATIONAL, INC.,
LOWE'S HOME CENTERS, LLC, and
HOME DEPOT U.S.A., INC.

    Defendants.
_____/

## COMPLAINT

Plaintiff Greentouch USA, Inc. ("Greentouch" or "Plaintiff") files this Complaint against Defendants Twin-Star International, Inc. ("Twin-Star"), Lowe's Home Centers, LLC ("Lowe's"), and Home Depot U.S.A., Inc. ("Home Depot") (Twin-Star, Lowe's, and Home Depot collectively, the "Defendants") alleging the following:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.,* to prevent and enjoin Defendants from infringing the Greentouch Patents (defined *infra*).

## THE PARTIES

2. Plaintiff Greentouch is a Florida corporation and has its principal place of business in this District at 208 Jefferson Avenue, Suite 113, Miami Beach, FL 33139.

3. Defendant Twin-Star is a Florida corporation having a principal place of business in this District at 750 Park of Commerce Blvd. #400, Boca Raton, FL 33487.

1

4. Defendant Lowe's is a North Carolina Limited Liability Company registered to do business in Florida, with its principal place of business at 1000 Lowe's Boulevard, Mooresville, NC 28117. Lowe's also maintains and operates multiple retail outlets in this State, including this District.

5. Defendant Home Depot is a Delaware Corporation registered to do business in Florida, with its principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339. Home Depot also maintains and operates multiple retail outlets in this State, including this District.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this District; and (iii) being physically located in this District.  Moreover, this Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have committed acts of infringement within the forum state and based on systematic and continuous contact with the forum state.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendants each maintain a regular and established place of business in this District and an act of infringement has occurred in this District.

## THE PATENTS-IN-SUIT

9. United States Patent No. 11,619,390 (the "'390 Patent") was duly and legally issued on April 4, 2023 to Matthew Alfred Crowe. The '390 Patent is entitled "Modular Assembly for Electric Fireplace." Plaintiff is the owner by assignment of the '390 Patent.

10. United States Patent No. 11,619,391 (the "'391 Patent") was duly and legally issued on April 4, 2023 to Matthew Alfred Crowe. The '391 Patent is entitled "Modular Assembly for Electric Fireplace." Plaintiff is the owner by assignment of the '391 Patent.

11. United States Patent No. 11,867,409 (the "'409 Patent") was duly and legally issued on January 9, 2024 to Matthew Alfred Crowe. The '409 Patent is entitled "Modular Assembly for Electric Fireplace." Plaintiff is the owner by assignment of the '409 Patent.

12. United States Patent No. 12,181,158 (the "'158 Patent") was duly and legally issued on December 31, 2024 to Matthew Alfred Crowe. The '158 Patent is entitled "Modular Assembly for Electric Fireplace." Plaintiff is the owner by assignment of the '158 Patent.

13. True and correct copies of the '390 Patent, the '391 Patent, the '409 Patent, and the '158 Patent (collectively, the "Greentouch Patents") are attached as **Exhibit 1**.

## BACKGROUND

14. Greentouch is a leading designer and supplier of home furnishings, including electric fireplaces.

15. The Greentouch Patents reflect the innovative and high-quality electric fireplaces designed and sold by Greentouch. The Greentouch Patents are generally directed to novel designs and embodiments of modular electric fireplaces that can be compactly stored and shipped for home assembly.

16. Until recently, Greentouch supplied electric fireplaces collectively worth millions to major retailers including defendants Lowe's and Home Depot as well as other major retailers such as Big Lots! and Menards. The peak of Greentouch's electric fireplace sales were from 2020 to 2022 when Greentouch collectively supplied about $25 million annually of electric fireplaces to major retailers.

17. Greentouch continued supplying electric fireplaces to retailers until late 2024 when it was forced to temporarily suspend its operations.

18. Greentouch suspended its operations as a result of the rampant copying of its innovative designs by industry competitors, such as Twin-Star, pushing Greentouch and its products out of Lowe's, Home Depot, and other retailers.

19. Lowe's conduct was particularly harmful to Greentouch, which is the subject of ongoing litigation in North Carolina state court. Greentouch previously filed suit against Lowe's Companies Inc. ("Lowe's Co."), the parent company of defendant Lowe's, for claims including *inter alia* breach of contract, tortious interference, and defamation in the action styled *Greentouch USA, Inc. v. Lowe's Companies Inc. et al*, 24-cvs-543 (N.C. Iredell Cty Ct.) (the "Lowe's Litigation"). A true and correct copy of the Complaint from the Lowe's Litigation (the "Lowe's Litigation Complaint") is attached as **Exhibit 2**.

20. As detailed in the Lowe's Litigation, Greentouch supplied between $14 million and $20 million annually of electric fireplaces to Lowe's Co. for nationwide sales by defendant Lowe's. Lowe's Litigation Complaint, at ¶¶ 17-21. In 2023, sales plummeted, and ultimately discontinued. *Id.*, ¶ at 22-24. The Greentouch and Lowe's Co. relationship devolved as Lowe's Co. instituted abusive practices towards Greentouch, leading to the relationship termination and subsequent litigation. *See id.*, ¶¶ at 26-37. As the Lowe's and Greentouch relationship was

4

devolving, Lowe's sought to replace Greentouch with infringing products from alternative vendors including, upon information and belief, Twin-Star. *Id.*, at ¶ 41.

21. Lowe's Co., and consequently Lowe's, as well as Home Depot were aware that Greentouch's electric fireplace products were patent pending as early as 2021. A copy of U.S. Patent Application No. 16/714,310, which ultimately matured into the '390 Patent, was sent by e-mail to Lowe's personnel. Greentouch personnel also had multiple calls between Greentouch and Lowe's, as well as between Greentouch and Home Depot, between 2021 and 2023.

22. Notwithstanding Lowe's knowledge that Greentouch's products were patent pending, Lowe's and Home Depot pressed forward with ordering similar electric fireplaces from Greentouch competitors such as Twin-Star.

23. Upon information and belief, Lowe's and/or Home Depot personnel conveyed knowledge of Greentouch's pending patent applications to competitors that Lowe's and/or Home Depot was seeking to replace Greentouch's products, including Twin-Star.

24. On April 17, 2023, shortly after the '390 Patent and the '391 Patent issued, Greentouch informed Lowe's personnel by e-mail that the '390 Patent and the '391 Patent had issued. Thereafter, in follow up communications, Greentouch advised Lowe's that several electric fireplace products in the marketplace were infringing, including several being manufactured by Twin-Star that Lowe's was selling.

25. On or about April 20, 2023, Greentouch sent a letter to Twin-Star demanding it cease the sale of infringing electric fireplace products based on their infringement of the '390 Patent and '391 Patent. A true and correct copy of this demand letter is attached as **Exhibit 3**.

26. On or about May 15, 2023, Twin-Star responded in a brief, two-page letter that it was not infringing the '390 Patent or the '391 Patent, and that these patents are invalid "Twin-Star

5

can show how decades-old prior art teaches each and every element in the '390 and '391 Patents." A true and correct copy of Twin-Star's reply is attached as **Exhibit 4**. However, Twin-Star never identified such prior art.

27. Despite Twin-Star alleging that the '390 Patent and the '391 Patent are invalid under "decades-old prior art," neither Twin-Star nor any other Defendant has requested the USPTO revisit the issuance of any Greentouch Patent, such as by filing an *inter partes* revew or an *ex parte* re-examination.

28. Several Twin-Star products sold by Lowe's infringe at least one claim of the Greentouch Patents, including:

- allen + roth 51 inch electric fireplace mantel (*e.g.* Model No. 149148);
- allen + roth 54 inch TV stand with electric fireplace (*e.g.* Model No. 144648, 144709, 8002146, 8002139);
- allen + roth 54 inch electric fireplace (e.g. Model No. 149070);
- allen + roth 58.5 inch electric fireplace (*e.g.* Model No. 149124);
- allen + roth 59.5 inch TV stand with electric fireplace (e.g. Model No. 147328);
- allen + roth 62 inch electric fireplace (*e.g.* Model Nos. 150182, 8000814); and
- Origin 21 54 inch electric fireplace (*e.g.* Model No. 149070).

(collectively the "Lowe's Products"). Exemplary claim charts demonstrating that the make, use, sale, offer to sell, or importation of the Lowe's Products infringe at least one claim of the Greentouch Patents are attached herewith as **Exhibit 5**.

29. Several other Twin-Star products sold by Home Depot also infringe at least one claim of the Greentouch Patents including:

- Kerrington 60 inch freestanding media console with electric fireplace TV stand (*e.g.* Model Nos. 148967, 150724, 150533, 150540);

- Hazeltine 60 inch freestanding media console with electric fireplace TV stand (*e.g.* Model Nos. 148875, 150779);

- Duraflame Shiplap Wall Mantel Electric Fireplace (*e.g.* SKU Nos. 23WM16603);

- Duraflame Freestanding Wall Mantel Electric Fireplace (*e.g.* SKU No. 23WM373); and

- Twin Star Home 74.5 inch freestanding electric fireplace t-volt stand (*e.g.* SKU No. 23MMP1901).

(collectively the "Home Depot Products"). Exemplary claim charts demonstrating that the make, use, sale, offer to sell, or importation of the Home Depot Products infringe at least one claim of the Greentouch Patents are attached herewith as **Exhibit 6**.

30. Additional Twin-Star products sold by retailers other than Lowe's or Home Depot also infringe at least one claim of the Greentouch Patents including:

- ChimneyFree Galena 32 inch electric fireplace entertainment center (e.g. Model No. 149711)

- ChimneyFree Hayden 54 inch electric fireplace entertainment center (e.g. Model Nos. 150076, 150083, 150090)

(together with the Lowe's Products and Home Depot Products, the "Infringing Twin-Star Products"). Exemplary claim charts demonstrating that the make, use, sale, offer to sell, or importation of these additional Infringing Twin-Star Products infringe at least one claim of the Greentouch Patents are attached herewith as **Exhibit 7**.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,619,390

*(Against Twin-Star as to all Infringing Products; Lowe's as to Lowe's Products; and Home Depot as to Home Depot Products)*

31. The allegations set forth in the foregoing paragraphs 1 through 30 are incorporated into Count I of the Complaint.

32. The '390 Patent discloses and claims a modular electric fireplace and a method for installing an electric fireplace.

33. Prior to issuance of the '390 Patent, Greentouch communicated the pending patent application to Lowe's that would ultimately mature into the '390 Patent.

34. Upon information and belief, Lowe's and Twin-Star were in communication with one another regarding Greentouch's pending patent application that would ultimately mature into the '390 Patent.

35. Upon issuance of the '390 Patent, Greentouch notified Twin-Star of its infringement of the '390 Patent by letter dated April 20, 2023.

36. Upon information and belief, Twin-Star was in communication with its retail partners including Lowe's and Home Depot regarding Greentouch's notification to Twin-Star that it was infringing the '390 Patent.

37. Despite Defendants' awareness of the '390 Patent and their respective infringement, Defendants continued to directly infringe, either literally and/or under the doctrine of equivalents, at least the following claims of the '390 Patent:

- Lowe's Products
    - allen + roth 51 inch electric fireplace mantel: at least claim 11;
    - allen + roth 54 inch TV stand with electric fireplace: at least claim 11;
    - allen + roth 54 inch electric fireplace: at least claim 11;

- o   allen + roth 58.5 inch electric fireplace: at least claim 11;

- o   allen + roth 59.5 inch TV stand with electric fireplace: at least claim 11;

- o   allen + roth 62 inch electric fireplace: at least claim 11;

- o   Origin 21 54 inch electric fireplace: at least claim 11;

- Home Depot Products

    - o   Kerrington free standing media console: at least claim 11;

    - o   Hazeltine free standing media console: at least claim 11;

    - o   Duraflame shiplap wall mantel electric fireplace: at least claim 11;

    - o   Duraflame freestanding wall mantel electric fireplace: at least claim 11;

    - o   Twin Star Home freestanding electric fireplace t-volt stand: at least claim 11;

- Additional Infringing Twin-Star Products

    - o   ChimneyFree Galena entertainment center: at least claim 11; and

    - o   ChimneyFree Hayden entertainment center: at least claim 11.

38.     Claim charts detailing Twin-Star's infringement '390 Patent with respect to all Infringing Twin-Star Products, Lowe's infringement with respect to the Lowe's Products, and Home Depot's infringement with respect to the Home Depot products are attached as Exhibits 5-7.

39.     Twin-Star also actively induced and is actively inducing infringement of the '390 Patent, in violation of 35 U.S.C. §271(b). With respect to independent claim 11 of the '390 Patent, and applicable dependent claims thereto, end purchasers are practicing the claimed method for installing an electric fireplace by installing one of the Infringing Twin-Star Products. Twin-Star knowingly induces infringement these method claims of the '390 Patent by Lowe's, Home Depot, other retailers, customers and end-users of the Infringing Twin-Star Products with specific intent

9

to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Infringing Twin-Star Products in the United States. For example, Twin-Star instructs Lowe's, Home Depot, other retailers, customers and end-users, at least through its marketing, promotional, and instructional materials, including manuals and video instructions, to use the Infringing Twin-Star Products.

40. Twin-Star contributed and is contributing to infringement of the '390 Patent, in violation of 35 U.S.C. §271(c). Customers and end-users of the Infringing Twin-Star Products directly infringe independent claim 11 of the '390 Patent, and applicable dependent claims thereto, at least by installing the Infringing Twin-Star Products, as described in detail in Exhibits 5-7. Twin-Star contributes to infringement of the '390 Patent by offering to sell, selling, and/or importing into the United States the Infringing Twin-Star Products and components thereof. Such components are substantial, material parts of the claimed inventions of the '390 Patent and have no substantial non-infringing use. The Infringing Twin-Star Products supplied by Twin-Star are especially made and especially adapted for use in infringing the '390 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

41. Greentouch has been and continues to be damaged by Defendants' infringement of the '390 Patent. The injury to Greentouch is irreparable and will continue unless and until Defendants are enjoined from further infringement.

42. This case is exceptional, and Greentouch is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 11,619,391**
(*Against Twin-Star as to all Infringing Products; Lowe's as to Lowe's Products; and Home Depot as to Home Depot Products*)

43. The allegations set forth in the foregoing paragraphs 1 through 30 are incorporated into Count I of the Complaint.

44. The '391 Patent discloses and claims a modular electric fireplace and a method for assembling and installing a modular electric fireplace.

45. Upon issuance of the '391 Patent, Greentouch notified Twin-Star of its infringement of the '391 Patent by letter dated April 20, 2023.

46. Upon information and belief, Twin-Star was in communication with its retail partners including Lowe's and Home Depot regarding Greentouch's notification to Twin-Star that it was infringing the '391 Patent.

47. Despite Defendants' awareness of the '391 Patent and their respective infringement, Defendants continued to directly infringe, either literally and/or under the doctrine of equivalents, at least the following claims of the '391 Patent:

- Lowe's Products
    - allen + roth 51 inch electric fireplace mantel: at least claims 1, 8, 15, 17, and 19;
    - allen + roth 54 inch TV stand with electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - allen + roth 54 inch electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - allen + roth 58.5 inch electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - allen + roth 59.5 inch TV stand with electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - allen + roth 62 inch electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - Origin 21 54 inch electric fireplace: at least claims 1, 8, 15, 17, and 19.

11

- Home Depot Products
    - Kerrington free standing media console: at least claims 1, 8, 15, 17, and 19;
    - Hazeltine free standing media console: at least claims 1, 8, 15, 17, and 19;
    - Duraflame shiplap wall mantel electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - Duraflame freestanding wall mantel electric fireplace: at least claims 1, 8, 15, 17, and 19;
    - Twin Star Home freestanding electric fireplace t-volt stand: at least claims 1, 8, 15, 17, and 19;
- Additional Infringing Twin-Star Products
    - ChimneyFree Galena entertainment center: at least claims 1, 8, 15, 17, and 19; and
    - ChimneyFree Hayden entertainment center: at least claims 1, 8, 15, 17, and 19.

48. Claim charts detailing Twin-Star's infringement of the '391 Patent with respect to all Infringing Twin-Star Products, Lowe's infringement with respect to the Lowe's Products, and Home Depot's infringement with respect to the Home Depot products are attached as Exhibits 5-7.

49. Twin-Star also actively induced and is actively inducing infringement of the '391 Patent, in violation of 35 U.S.C. §271(b). With respect to independent claims 1, 15, and 17 of the '391 Patent, and applicable dependent claims thereto, end purchasers are practicing the claimed method for installing an electric fireplace by installing one of the Infringing Twin-Star Products. Twin-Star knowingly induces infringement these method claims of the '391 Patent by Lowe's, Home Depot, other retailers, customers and end-users of the Infringing Twin-Star Products with

specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Infringing Twin-Star Products in the United States. For example, Twin-Star instructs Lowe's, Home Depot, other retailers, customers and end-users, at least through its marketing, promotional, and instructional materials, including manuals and video instructions, to use the Infringing Twin-Star Products.

50. Twin-Star contributed and is contributing to infringement of the '391 Patent, in violation of 35 U.S.C. §271(c). Customers and end-users of the Infringing Twin-Star Products directly infringe independent claims 1, 15, and 17 of the '391 Patent, and applicable dependent claims thereto, at least by installing the Infringing Twin-Star Products, as described in detail in Exhibits 5-7. Twin-Star contributes to infringement of the '391 Patent by offering to sell, selling, and/or importing into the United States the Infringing Twin-Star Products and components thereof. Such components are substantial, material parts of the claimed inventions of the '391 Patent and have no substantial non-infringing use. The Infringing Twin-Star Products supplied by Twin-Star are especially made and especially adapted for use in infringing the '391 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

51. Greentouch has been and continues to be damaged by Defendants' infringement of the '391 Patent. The injury to Greentouch is irreparable and will continue unless and until Defendants are enjoined from further infringement.

52. This case is exceptional, and Greentouch is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 11,867,409
(*Against Twin-Star as to all Infringing Products; Lowe's as to Lowe's Products; and Home Depot as to Home Depot Products*)

53.     The allegations set forth in the foregoing paragraphs 1 through 30 are incorporated into Count I of the Complaint.

54.     The '409 Patent discloses and claims an electric fireplace and a method for installing an electric fireplace.

55.     Defendants are directly infringing, either literally and/or under the doctrine of equivalents, at least the following claims of the '409 Patent:

- Lowe's Products
    - allen + roth 51 inch electric fireplace mantel: at least claims 1 and 16;
    - allen + roth 54 inch TV stand with electric fireplace: at least claims 1, 5, 16, and 27;
    - allen + roth 54 inch electric fireplace: at least claims 1, 5, 16, and 27;
    - allen + roth 58.5 inch electric fireplace: at least claims 1, 5, 16, and 27;
    - allen + roth 59.5 inch TV stand with electric fireplace: at least claims 1 and 16;
    - allen + roth 62 inch electric fireplace: at least claims 1, 5, 16, and 27;
    - Origin 21 54 inch electric fireplace: at least claims 1 and 16;
- Home Depot Products
    - Kerrington free standing media console: at least claims 1, 5, 16, and 27;
    - Hazeltine free standing media console: at least claims 1, 5, 16, and 27;
    - Duraflame shiplap wall mantel electric fireplace: : at least claims 1 and 16;
    - Duraflame freestanding wall mantel electric fireplace: : at least claims 1 and 16;
    - Twin Star Home freestanding electric fireplace t-volt stand: at least claims 1, 5, 16, and 27;

- Additional Infringing Twin-Star Products
    - ChimneyFree Galena entertainment center: at least claims 1, 5, 16, and 27; and
    - ChimneyFree Hayden entertainment center: at least claims 1, 5, 16, and 27.

56. Claim charts detailing Twin-Star's infringement of the '409 Patent with respect to all Infringing Twin-Star Products, Lowe's infringement with respect to the Lowe's Products, and Home Depot's infringement with respect to the Home Depot products are attached as Exhibits 5-7.

57. Twin-Star also actively induced and is actively inducing infringement of the '409 Patent, in violation of 35 U.S.C. §271(b). With respect to independent claim 5 of the '409 Patent, and applicable dependent claims thereto, end purchasers are practicing the claimed method for installing an electric fireplace by installing one of the Infringing Twin-Star Products. Twin-Star knowingly induces infringement these method claims of the '409 Patent by Lowe's, Home Depot, other retailers, customers and end-users of the Infringing Twin-Star Products with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Infringing Twin-Star Products in the United States. For example, Twin-Star instructs Lowe's, Home Depot, other retailers, customers and end-users, at least through its marketing, promotional, and instructional materials, including manuals and video instructions, to use the Infringing Twin-Star Products.

58. Twin-Star contributed and is contributing to infringement of the '409 Patent, in violation of 35 U.S.C. §271(c). Customers and end-users of the Infringing Twin-Star Products directly infringe independent claim 5 of the '409 Patent, and applicable dependent claims thereto, at least by installing the Infringing Twin-Star Products, as described in detail in Exhibits 5-7. Twin-

Star contributes to infringement of the '409 Patent by offering to sell, selling, and/or importing into the United States the Infringing Twin-Star Products and components thereof. Such components are substantial, material parts of the claimed inventions of the '409 Patent and have no substantial non-infringing use. The Infringing Twin-Star Products supplied by Twin-Star are especially made and especially adapted for use in infringing the '409 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

59. Greentouch has been and continues to be damaged by Defendants' infringement of the '409 Patent. The injury to Greentouch is irreparable and will continue unless and until Defendants are enjoined from further infringement.

60. This case is exceptional, and Greentouch is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 12,181,158
(*Against Twin-Star as to all Infringing Products; Lowe's as to Lowe's Products; and Home Depot as to Home Depot Products*)

61. The allegations set forth in the foregoing paragraphs 1 through 30 are incorporated into Count I of the Complaint.

62. The '158 Patent discloses and claims an electric fireplace and a method for installing an electric fireplace.

63. Defendants are directly infringing, either literally and/or under the doctrine of equivalents, at least the following claims of the '158 Patent:

- Lowe's Products

    o allen + roth 51 inch electric fireplace mantel: at least claims 1, 9, 17, and 18;

    o allen + roth 54 inch TV stand with electric fireplace: at least claims 1, 9, 17, and 18;

16

- o   allen + roth 54 inch electric fireplace: at least claims 1, 9, 17, and 18;
- o   allen + roth 58.5 inch electric fireplace: at least claims 1, 9, 17, and 18;
- o   allen + roth 59.5 inch TV stand with electric fireplace: at least claims 1, 9, 17, and 18;
- o   allen + roth 62 inch electric fireplace: at least claims 1, 9, 17, and 18;
- o   Origin 21 54 inch electric fireplace: at least claims 1, 9, 17, and 18;

- Home Depot Products
    - o   Kerrington free standing media console: at least claims 1, 9, 17, and 18;
    - o   Hazeltine free standing media console: at least claims 1, 9, 17, and 18;
    - o   Duraflame shiplap wall mantel electric fireplace: at least claims 1, 9, 17, and 18;
    - o   Duraflame freestanding wall mantel electric fireplace: at least claims 1, 9, 17, and 18;
    - o   Twin Star Home freestanding electric fireplace t-volt stand: at least claims 1, 9, 17, and 18;

- Additional Infringing Twin-Star Products
    - o   ChimneyFree Galena entertainment center: at least claims 1, 9, 17, and 18; and
    - o   ChimneyFree Hayden entertainment center: at least claims 1, 9, 17, and 18.

64.     Claim charts detailing Twin-Star's infringement of the '158 Patent with respect to all Infringing Twin-Star Products, Lowe's infringement with respect to the Lowe's Products, and Home Depot's infringement with respect to the Home Depot products are attached as Exhibits 5-7.

65. Twin-Star also actively induced and is actively inducing infringement of the '158 Patent, in violation of 35 U.S.C. §271(b). With respect to independent claims 1, 17, and 19 of the '158 Patent, and applicable dependent claims thereto, end purchasers are practicing the claimed method for installing an electric fireplace by installing one of the Infringing Twin-Star Products. Twin-Star knowingly induces infringement these method claims of the '158 Patent by Lowe's, Home Depot, other retailers, customers and end-users of the Infringing Twin-Star Products with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Infringing Twin-Star Products in the United States. For example, Twin-Star instructs Lowe's, Home Depot, other retailers, customers and end-users, at least through its marketing, promotional, and instructional materials, including manuals and video instructions, to use the Infringing Twin-Star Products.

66. Twin-Star contributed and is contributing to infringement of the '158 Patent, in violation of 35 U.S.C. §271(c). Customers and end-users of the Infringing Twin-Star Products directly infringe independent claims 1, 17, and 19 of the '158 Patent, and applicable dependent claims thereto, at least by installing the Infringing Twin-Star Products, as described in detail in Exhibits 5-7. Twin-Star contributes to infringement of the '158 Patent by offering to sell, selling, and/or importing into the United States the Infringing Twin-Star Products and components thereof. Such components are substantial, material parts of the claimed inventions of the '158 Patent and have no substantial non-infringing use. The Infringing Twin-Star Products supplied by Twin-Star are especially made and especially adapted for use in infringing the '158 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

67. Greentouch has been and continues to be damaged by Defendants' infringement of the '158 Patent. The injury to Greentouch is irreparable and will continue unless and until Defendants are enjoined from further infringement.

68. This case is exceptional, and Greentouch is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Greentouch demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Greentouch prays for relief and judgment against Defendants as follows:

A. An adjudication and declaration that Defendants have infringed one or more claims of the Greentouch Patents;

B. That Twin-Star has actively induced others to infringe one or more claims of the Greentouch Patents;

C. That Twin-Star has contributorily infringed one or more claims of the Greentouch Patents;

D. A permanent injunction against Defendants and their respective officers, directors, employees, agents, consultants, contractors, suppliers, distributors, all parent and subsidiary entities, all assignees and successors in interest, and all others acting in concert or privity with Defendants, from further infringement of the Greentouch Patents;

E. An award of enhanced damages pursuant to 35 U.S.C. §284 for Defendants' willful infringement;

F.	A declaration that this case is exceptional under 35 U.S.C. §285, and an award of reasonable attorneys' fees;

G.	Judgment against Defendants on all counts of this Complaint; and

H.	An award to Greentouch of such further relief at law or in equity as the Court deems just and proper.

DATED: July 22, 2025

Respectfully submitted,

**THE BRICKELL IP GROUP, PLLC**
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
**A. Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
**Javier Sobrado**
Fla. Bar No. 44992
Email: jsobrado@brickellip.com

*Counsel for Plaintiff*